# STATE OF VERMONT

## ENVIRONMENTAL COURT

Appeal of Anna Neville and }
Jennifer Bright }
} Docket No. 213-9-02 Vtec
}
}

## <u>Decision and Order on Motion for Judgment as a Matter of Law and to Dismiss</u>

Appellants Anna Neville and Jennifer Bright appeal from a decision of the Planning Commission of the Town of Georgia, granting final plat approval to Appellee-Applicant Jeffrey Boissoneault. Appellants are represented by Paul S. Gillies, Esq.; Appellee-Applicant is represented by Donald R. Pellman; and the Town of Georgia is represented by Amanda S. E. Lafferty, Esq.

Appellee-Applicant has moved for judgment as a matter of law on the two questions presented by Appellant, and to dismiss the appeal. Question 1 of the Statement of Questions is whether the standards of the Town's subdivision regulations (and in particular §§ 700.1, 700.2 and 700.7) have been satisfied with respects to Lots 1 and 2, as the proposed or potential development of these lots "may offend" a view easement burdening this land and benefitting Appellants' land. Question 2 is whether, as a consequence, additional conditions should be imposed on the subdivision to ensure that the Appellants' view easement is "protected and respected." A declaratory judgment case relating to the extent of the view easement is pending in Franklin Superior Court under the caption of <u>Boissoneault v. Neville</u>, Docket No. S-255-02 Fc.

The parties have not provided a statement of undisputed facts, the subdivision regulations, the subdivision application, the Planning Commission decision on appeal in this matter, or a copy of the view easement or the superior court complaint.

Based on the assertions in both parties' motion memoranda, it appears that Appellants' house overlooks a field on Appellee's land over which Appellants enjoy a view of Lake Champlain. Appellants assert that a view easement, benefitting their land and burdening Appellee's land, protects this view. In the present motion, Appellee argues that Appellants' appeal improperly attempts to implement the view easement through the Town's subdivision regulations.

Although the Court would prefer to examine the text of the Subdivision Regulations referred to, Question 1 of the Statement of Questions does appear to raise issues under the Subdivision Regulations which Appellants are entitled to have resolved, whether or not they have a view easement benefitting their property. To some extent, the parties' dispute over the view easement or restrictive covenant may have obscured the fact that Appellants would have an appealable

issue regarding the effect of Lots 1 and 2 of the proposed subdivision on their view and on their property, even without the contested easement.

Question 2 of the Statement of Questions asks whether additional conditions should be imposed on the subdivision to ensure that Appellants' view easement is protected. Appellee-Applicant is correct that Appellants' view easement cannot be protected per se by conditions of a subdivision permit, unless some section of the Subdivision Regulations requires the protection of easements or restrictive covenants. However, the Planning Commission and hence this Court does appear to have authority under those regulations to impose conditions protecting Appellants' view, or otherwise protecting Appellants' property.

Accordingly, it is hereby ORDERED and ADJUDGED that Appellee-Applicant's Motion for Judgment as a Matter of Law and to Dismiss is DENIED. However, on or before March 5, 2003, Appellants shall file an amended Statement of Questions to reflect that this Court's jurisdiction does not extend to any analysis of or protection of easements or covenants, or shall cite the sections of the Town of Georgia Subdivision Regulations which provide such authority.

We will hold a brief telephone conference on February 28, 2003 at 11 a.m. to discuss whether the parties can agree that the elements of the final subdivision plat regarding Lots 3 and 4 are not contested in this appeal, and to determine whether this appeal should be set for hearing or should await the determination of the Superior Court declaratory judgment case.

Done at Barre, Vermont, this 18th day of February, 2003.


_____
Merideth Wright
Environmental Judge